Capó, Viuda de Rivera, Demandante y Apelada, v. La Sucesión Fernández, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre reconocimiento de condominio en finca rústica.

Moción de la demandada y apelante sobre corrección de autos.

No. 1801.—Resuelto en junio 21, 1918.

Apelación—Corrección de la Transcripción—Cuándo Debe Pedirse.—El principio que establece que las solicitudes para la corrección de autos deben hacerse antes de que el caso quede sometido a la corte de apelación, es sin duda la regla general que debe seguirse, pero no puede negarse que las circunstancias que concurran pueden ser de tal naturaleza que obliguen a la corte a permitir la enmienda aún después de habérsele sometido el recurso, en bien de la justicia, como sucede en este caso.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Antonio Sarmiento*.
Abogados de la apelada: *Sres. Pedro Gómez Lasserre y Miguel Marcos Morales*.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Al llamarse este caso para la vista el 23 de mayo de 1918, la parte demandante y apelada solicitó la desestimación del recurso porque faltaba en la transcripción de los autos copia de la sentencia contra la cual se interpuso la apelación. La parte apelante sostuvo que existía en la transcripción la sentencia. Y el caso quedó así sometido a nuestra consideración y resolución.

Cinco días después de celebrada la vista, la parte apelante presentó una moción alegando que aunque consideraba completa la transcripción, esto no obstante acompañaba una copia certificada de la sentencia tal como aparecía registrada en el libro de sentencias civiles de la corte de distrito, para que se uniera al récord. La parte apelada se opuso y esta nueva cuestión quedó también sometida a nuestra consideración y resolución.

Para oponerse a la solicitud del apelante, invoca el ape-

lado el principio que establece que las solicitudes para la corrección de los autos deben hacerse antes de que el caso quede sometido a la corte. (3 Cyc. 143).

Esa es sin duda la regla que debe seguirse en la generalidad de los casos, pero no puede negarse que las circunstancias que concurran pueden ser tan fuertes que obliguen a la corte a permitir la enmienda aún después de habérsele sometido el recurso, en bien de la justicia.

Si examinamos la transcripción tal como fué originalmente archivada, encontraremos en ella un documento titulado ''Decisión,'' que termina así: ''Por todo lo cual entiende la corte que debe dictar y dicta la siguiente sentencia.'' Y seguidamente aparece también en la transcripción otro documento titulado ''Sentencia,'' que resuelve definitivamente el pleito y termina así: ''Notifíquese a las partes para su conocimiento. Dada en corte abierta, en Guayama, Puerto Rico, hoy 30 de octubre de 1917. (F) J. A. López Acosta, Judge, District Court. Attest: (F) E. S. Mestre, Secretary.'' Sólo falta la nota de haberse registrado la sentencia en el libro de sentencias civiles de la corte de distrito. Y esa falta en verdad es la que se suple por el documento que se pide ahora que se una a los autos.

En la transcripción había, pues, un principio de prueba de la existencia de la sentencia y ese principio de prueba ha quedado plenamente confirmado por la certificación presentada últimamente. Cómo es posible que teniendo ante nosotros la evidencia plena de que la sentencia existe y fué debidamente registrada con anterioridad a la interposición del recurso, vayamos a desestimar la apelación basándonos en la no existencia de tal documento?

En ninguno de los casos resueltos por esta corte desestimando las apelaciones por no figurar en los autos las sentencias recurridas, la parte interesada demostró al tribunal antes o después de la vista que las sentencias en realidad de verdad se habían dictado y registrado de acuerdo con la ley. Las circunstancias, pues, fueron distintas.

En bien de la justicia, esta corte debe en este caso concreto, en el ejercicio de su discreción, permitir que la certificación presentada por la parte apelante quede unida a los autos, para que surta en ellos sus efectos.   Esta actitud que asumimos no debe interpretarse en el sentido de que la corte no va a ser rígida en la aplicación de la regla general de que las mociones para corregir los autos deben presentarse antes de que el caso quede sometido a la resolución de la corte.

Corregidos los autos, constando ya en ellos que la sentencia contra la cual se interpuso esta apelación se dictó y registró en debida forma, falta base a la pretensión del apelado relativa a la desestimación del recurso.

Por virtud de todo lo expuesto opinamos que debe declararse con lugar la moción de la parte apelante y sin lugar la de la parte apelada.

> *Declarada con lugar la moción de la parte*
> *apelante y sin lugar la de la parte apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.